# Damron v. Greene.

(Decided Oct. 18, 1935.)

HOWARD VAN ANTWERP, Jr., and C. G. YAGER for appellant.

A. W. MANN and JOHN W. McKENZIE for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

This is an appeal from a judgment recovered by plaintiff, G. J. Greene, for $573 damages for personal injuries.

The action was brought by the appellee, G. J. Greene, a truck driver, against the appellant, Arthur Damron, to recover damages for personal injuries arising out of a collision, alleged caused by the negligence of Damron in running into plaintiff's truck while attempting to pass him.

Plaintiff by his petition alleged that by reason of defendant's negligence in colliding with him, he had been badly and permanently injured upon his head and body, had suffered great physical pain, and his ability had been permanently impaired to his damage in the sum of $5,000 and he further alleged he had sustained pecuniary injury in the sum of $73 for which judgment was prayed in the sum of $5,073.

The evidence as to the facts and circumstances surrounding the happening of this collision of trucks is, as given by plaintiff, that on the afternoon of March 8, 1934, he, as an employee and truck driver for Mr. Wheeler, was driving his truck with a load of groceries from Ashland to Olive Hill, when he was overtaken by the appellant as he was crossing a concrete bridge near Grayson, Ky.; that appellant signaled to him to "lay over" to the right of the bridge so that he might pass;

that he did turn his truck onto the extreme right of the bridge, when, just as he was leaving it, appellant in attempting to pass him locked the front body of his truck into the rear left corner of appellee's truck with such force that Greene's truck was knocked aside from off the concrete paving, onto the soft, muddy shoulder of the road, where it ran off and turned over into a water-filled ditch beside the road. He further states that when his truck was thus struck, the blow caused his head to be thrown against the back of the truck and, further, that when the truck turned over, he was caught under it, by which his body was badly cut and bruised and a severe shock sustained.

Greene's version of the happening of the accident and its cause is corroborated by his witness William Clark, who states that he saw the trucks as they passed him and when they collided at the bridge, and that the collision occurred as detailed in Greene's testimony.

Later that day, following the accident, the appellee was carried to the office of Dr. Davis for examination and treatment of his injuries thus received, who testifies he found upon his examination of Greene that he was cut and bruised upon the head and also had numerous bruises and cuts upon his body; that he had a rapid pulse, was pale, sick at his stomach, and in a state of severe shock; that he treated him during March and April for his injuries of shock and soreness; and that when he first examined him he was very sick and complained of dizziness and that his back was sore. Later, when testifying upon the trial some nine months after these injuries were inflicted by the accident, Dr. Davis was asked if the trouble or bodily injuries of which appellee was then complaining were the result of his earlier injuries received in the accident and if he would continue to suffer from them, to which he answered that his disability might continue or in time might clear up, but that he was not prepared to say that the physical condition with which plaintiff was then suffering was the result of the injuries earlier sustained in the accident, as he had not kept a check on him during the intervening period.

Upon the conclusion of plaintiff's testimony, the defendant moved for a peremptory instruction, which was overruled.

On the other hand, the defendant, in support of his different theory as to the happening and cause of the accident, testifies that upon the occasion in evidence, when he overtook the appellee at the bridge and signaled for him to let him pass, Greene responded by turning out too far to the right of the paved road onto its muddy shoulder, when, in trying to turn back onto the concrete, he lost control of his car and turned into and collided with appellant's car as it was passing, by which it was thrown back onto the shoulder of the road, ran off, and overturned in the ditch. Defendant's version of the happening of the accident, and its cause, is corroborated by the testimony of his witness Brown, who was at the time riding with him and witnessed the collision.

Appellant not only contends that he did not run into Greene's truck, but further resists his claim for bodily injuries, as caused by his negligence, with the contention that the bodily ills and injuries for which he is now seeking recovery of damages are not those which have resulted from the accident or the injuries connected with defendant's alleged negligence in causing it, but are ills and physical infirmities caused by infection of the mouth, due to plaintiff's bad teeth, which cause the present symptoms of heart murmur, high blood pressure, dizziness, and rheumatic aches, with which he pleads he is now suffering and sues for, as resulting from his earlier bodily injuries received in the truck collision, alleged caused by appellant's negligence.

In support of this contention, his witness Dr. Garrard was introduced, who testified that upon his one examination made of the appellee on the day before the trial (some nine months after the accident), he found that Greene had some very bad teeth, high blood pressure, a slight murmur, and a pain in his hips and back, all of which he states, could be produced by the amount of infection that he has in his teeth.

Upon submission of the cause upon this evidence and the instructions of the court (which do not appear in the record, and to which no objections are made), the jury returned a verdict for plaintiff in the sum of $573.

Defendant appeals, insisting that the damages awarded were not justified by the evidence and are ex-

cessive and flagrantly against the weight of the evidence; that the verdict is based entirely on speculation and conjecture; and that his motion for a peremptory instruction should have been sustained.

First considering the objection last named, that the court erred in overruling appellant's motion for a peremptory instruction, we do not find the same to be meritorious.

The plaintiff's evidence, set out in somewhat extended detail supra, which was corroborated by his witness Clark, was clearly direct and positive in asserting the fact of the collision and that it had been caused by the negligence of the appellant through his colliding with plaintiff's truck, and in further asserting that from such accident, testified to as caused by appellant's negligence, the bodily injuries of plaintiff directly resulted, thus proximately connecting the injuries therewith. Clearly this direct, positive evidence, conducing to show the fact of the collision, the appellant's negligence in causing it, and the proximate connection of plaintiff's injuries therewith, cannot be reasonably criticized as being without substance or as evidence which is only speculative and a matter of conjecture, as argued by appellant, but rather is it such in its quality as fully satisfies the meaning of substantial evidence, as defined in Clark v. Young's Ex'x, 146 Ky. 377, 142 S. W. 1032, 1035, as follows:

"By 'evidence' is meant something of substance and relevant consequence, and not vague, uncertain, or irrelevant matter, not carrying the quality of proof, or having fitness to induce conviction."

Further the appellant contends that the verdict awarding damages of $573 should be reversed for the reason that the evidence given by the plaintiff did not show that the bodily injuries of plaintiff received in the accident were permanent, as described and sued for in the petition, nor was such permanency clearly or at all shown by plaintiff's proof adduced in support of his claim therefor, in that his own witness Dr. Davis admitted that he was not prepared to say that the then bodily infirmities for which plaintiff sought recovery of damages were the result of the earlier collision injury or that it would be permanent.

It may be conceded, as stated in Consolidated Coach

Corporation v. Eckler, 248 Ky. 309, 58 S. W. (2d) 582, 584, that:

> "It has been repeatedly held by this court that testimony of professional or expert witnesses to the effect that injuries might be permanent or that there is a possibility of permanency is not such positive and satisfactory evidence required to take to the jury the question of permanent injury."

And also that, as set out in Illinois Cent. Ry. Co. v. Basham, 183 Ky. 439, 209 S. W. 362, 364:

> "When a verdict for personal injuries is so large that it could be sustained only if the injuries are permanent, there must be positive and satisfactory evidence of permanency."

It is, however, here sufficient answer to this to say that the verdict here returned, awarding appellee only $573 total damages for injuries and suffering, which the evidence clearly tended to show had been inflicted upon him as a result of this collision accident, is altogether too small an amount to support appellant's contention that such an amount was awarded as damages for permanent injuries. Rather is it our conclusion that its amount is such as convinces us that it was allowed only as compensation for the injuries, suffering, lost time and expense shown incurred by appellee directly as the result of the accident. Such having been shown by the plaintiff, or where, as here, it can be said that the evidence adduced by him was sufficient to make out his case, he is not to be denied the right to have it submitted to the jury, merely because defendant presents facts and circumstances tending to show that the accident or injury complained of happened in some other way than the one related by plaintiff. In Johnson, Adm'x, v. Mobile & O. R. Co., 178 Ky. 108, 113, 198 S. W. 538, 541, we said:

> "When the injury is proven, negligence may be inferred from the facts and circumtsances which surround it, it can be reasonably inferred from them that the negligence caused the injury."

The evidence here was abundantly sufficient to show the happening of the accident, defendant's negligence as causing it, and connecting such negligence with the bodily injuries suffered by plaintiff, whatever their gravity or even if not of a permanent nature.

For such reasons, it is our conclusion that the court. properly overruled appellant's motion for a peremptory instruction, as appellee was entitled to have the case submitted upon this evidence to the jury, and that its. verdict, based thereon, was amply sustained by it.

Wherefore the judgment is affirmed.